# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CIVIL ACTION H-10-1671 |
| v. | § | |
| | § | CRIMINAL ACTION H-07-157 |
| PEDRO GABRIEL COLLAZO-ALICEA | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Pedro Gabriel Collazo-Alicea filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, (Docket Entry No. 152), and a supporting memorandum (Docket Entry No. 153). The Government responded (Docket Entry No. 164), and Defendant filed a reply (Docket Entry No. 166).

Based on consideration of the section 2255 motion, the response and reply, the record, and the applicable law, the Court DENIES the section 2255 motion, as follows.

### *Background and Claims*

Defendant pleaded guilty to conspiracy to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(2), and 846, and was sentenced to 135 months in prison on February 23, 2009. (Docket Entry No. 120.) As part of his plea agreement, Defendant waived his right to appeal or collaterally attack his conviction and sentence (Docket Entries No. 63, 71); nevertheless, he filed an appeal. Appellate counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), effectively conceding that the appeal lacked any meritorious claim. In his *pro se* response to the *Anders* brief, Defendant argued that his guilty plea was involuntary and his trial counsel had been

ineffective. The Fifth Circuit Court of Appeals rejected Defendant's arguments and dismissed the appeal as frivolous on January 11, 2010. (Docket Entry No. 150.)

In the instant section 2255 motion, Defendant re-urges the *pro se* claims he raised on appeal, asserting ineffective assistance of trial and appellate counsel, and involuntariness of his guilty plea. Respondent argues that the claims are groundless.

### *Standard of Review*

Following a conviction and exhaustion or waiver of the right to direct appeal, a defendant stands presumed fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). As a result, review of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice. *Id*. Other types of error may not be raised under section 2255 unless the defendant demonstrates that the error could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

Thus, before a court may grant relief pursuant to section 2255, the movant must establish one of the following: (1) the sentencing court imposed the sentence in violation of the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence imposed exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.

*Analysis*

*Ineffective Assistance of Trial Counsel*

To assert a successful ineffectiveness claim, a criminal defendant must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. Judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694.

In the instant case, Defendant contends that trial counsel's ineffectiveness affected the outcome of the plea process, as counsel failed to investigate the facts and law of the case. Specifically, he complains that trial counsel knew that the underlying search and seizure was illegal because counsel filed, but never pursued, a motion entitled, "Motion to Suppress Evidence Derived from Illegal Arrest Based Upon Collateral Estoppel." (Docket Entry No. 48.) The motion was filed by Defendant's first attorney on May 17, 2007, and asserted that

Defendant had been handcuffed and detained standing in his own doorway and that the government entered his apartment without permission. Defendant subsequently obtained substitute counsel, who moved to withdraw the motion on July 27, 2007. (Docket Entry No. 56.) As grounds, counsel stated in the motion that, "After conferring with undersigned counsel, Mr. Collazo-Alicea wishes to withdraw the motion to suppress." *Id.*, p. 1. The Court granted the motion to withdraw. (Docket Entry No. 57.)

Although Defendant complains that "counsel never pursued the motion he filed," it is clear from the record, and Defendant does not dispute, that the motion was withdrawn at Defendant's request. Further, Defendant expressly stated at the guilty plea hearing that he was satisfied with counsel's representation and that he did not need to get additional advice or ask counsel any questions before proceeding with his guilty plea. (Docket Entry No. 134, p. 5.) At the hearing, the Government read into the record a summary of the facts underlying the criminal offense, including the fact that Defendant had given the Government verbal and written consent to search his apartment where the incriminating evidence was found. *Id.*, p. 25. Following the Government's recitation of the facts, the Court asked Defendant if he had any changes, corrections, or modifications to the Government's summarization; Defendant responded that he did not. *Id.*, p. 26. Defendant further agreed on the record that the Government's statement of the facts was true and correct. *Id.* Thus, the record refutes the stated factual basis for the withdrawn motion to suppress, and neither deficient performance nor prejudice are shown.

Defendant fails to establish ineffective assistance of trial counsel or actual prejudice regarding the motion to suppress, and section 2255 relief on this claim is unwarranted.

*Involuntary Guilty Plea*

Defendant further contends that "the factual basis for the Petitioner's plea of guilty as put forth by the Government did not support a finding that the Petitioner was guilty of the charge, and he did not enter a knowing and voluntary plea of guilty as required by Fed. R. Crim. P. 11(f)." (Docket Entry 153, p. 12.) Although Defendant frames this as a challenge to the voluntariness of his guilty plea, his true complaint is insufficiency of the evidence to support his guilty plea and conviction, in that he was charged with trafficking five or more kilograms of cocaine, rather than only one kilogram. (Docket Entry No. 153, p. 13.)

The Government read into the record the following summary of the facts underlying Defendant's criminal offense:

> THE GOVERNMENT: Had this case gone to trial the United States would have proven beyond a reasonable doubt that in March of 2007 Domingo Rodriguez Paniauga, also known as 'William,' informed a DEA confidential source that Paniauga was interested in acting as a broker for a multi-kilogram cocaine transaction. The confidential source informed Paniauga he was able – or he was capable of supplying cocaine at $14,000 per kilogram. The CS met with Paniauga and Reymondo Vargas-Lopez, Jr., on multiple occasions to discuss the transaction and an agreement was reached for the confidential source *to sell eight kilograms of cocaine* for $13,900 per kilogram, a total purchase price of $111,200, with Paniauga and Vargas-Lopez, acting as brokers supplying the buyer, who was later identified as this defendant, Pedro Gabriel Collazo-Alicea, who is also known as Bonifacio Castillo-Gomez, also known as 'Frank.' On March the 27th of 2007 the confidential source met with Mr. Paniauga and Mr. Vargas-Lopez here in the Southern District of Texas in a parking lot of a grocery store, after which the three gentlemen went across from the parking lot to the Windsor Gardens Apartments located at

5

1620 Spencer Highway in south Houston. After reaching the apartment complex parking lot the confidential source continued to negotiate with Mr. Paniauga and Mr. Vargas-Lopez. And then, ultimately, Mr. Paniauga drove around with the confidential source into another area of the parking lot and Mr. Vargas-Lopez entered Building No. 12, which turned out to be the place or the building in which the Defendant's apartment was located. After a brief period of time Mr. Vargas-Lopez exited Building No. 12, rejoined Mr. Vargas-Lopez and the confidential source and Mr. Paniauga, and at this point the confidential source was provided $10,000. The arrest signal was given. Both Mr. Paniauga and Mr. Vargas-Lopez were placed under arrest. Agents then contacted this defendant at Apartment No. 1206 and Mr. Collazo-Alicea confirmed that that was his apartment. He gave officers verbal and written consent to search it. While in the course of searching that particular apartment *the agents located approximately $105,000 in U.S. currency in the apartment.* Subsequent to the arrest of Paniauga and Vargas-Lopez agents reviewed the information in their telephones and determined – or observed telephone calls between Mr. Vargas-Lopez and a telephone which had been located in Mr. Collazo-Alicea's apartment. After receiving Miranda warnings, *Mr. Collazo-Alicea admitted that he provided the money for the drug transaction with the confidential source*, and Mr. Collazo-Alicea also admitted he had talked on the telephone with Vargas-Lopez and the seller, the confidential source, about the purchase of the cocaine.

THE COURT: All right, sir. You have heard the Government attorney summarize the facts that the Government believes they can prove about you in this case. *Do you have any changes, corrections, modifications, that you would like to make to that summary of the facts?*

THE DEFENDANT: *No.*

THE COURT: *Is everything that the attorney for the Government said true and correct?*

THE DEFENDANT: *Yes.*

(Docket Entry No. 134, pp. 25–26, emphasis added.) The agreed summary set forth facts sufficient to support Defendant's guilty plea. Although Defendant argues that he originally told Government officials shortly after his arrest that he had negotiated a purchase of only

6

one kilogram of cocaine, that does not negate Defendant's later agreement on the record that five or more kilograms of cocaine were actually involved in the transaction, particularly as his guilty ple was based on his agreement in open court that five or more kilograms of cocaine were involved.

Defendant is not entitled to section 2255 relief on this claim.

*Ineffective Assistance of Appellate Counsel*

Notwithstanding his waiver of appeal and the fact that appellate counsel filed an appellate brief pursuant to *Anders*, Defendant claims that counsel was ineffective on appeal in failing to raise Defendant's *pro se* claims for ineffective assistance of trial counsel and an involuntary guilty plea. However, Defendant raised those issues in his *pro se* response to counsel's *Anders* brief on appeal, and the Fifth Circuit Court of Appeals rejected the issues as frivolous. The Fifth Circuit accepted appellate counsel's assessment that Defendant had no nonfrivolous issues to raise on appeal, and expressly found that "[o]ur independent review of the record, counsel's brief, and [Defendant's] response discloses no non-frivolous issue for appeal." (Docket Entry No. 150.)

To establish ineffective assistance of appellate counsel, Defendant must show that, but for appellate counsel's failure to raise the issues on appeal, the outcome of the appeal would have been different. *See Strickland*, 466 U.S. at 687–88, 692. Because the Fifth Circuit expressly rejected as frivolous Defendant's *pro se* issues, appellate counsel was not ineffective in failing to raise the issues on appeal.

7

Defendant establishes neither deficient performance nor actual prejudice under *Strickland*, and section 2255 relief is unwarranted.

## *Evidentiary Hearing*

A section 2255 motion requires an evidentiary hearing unless the motion and record conclusively show the Defendant is entitled to no relief. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). When records in a case make clear the lack of merit of a section 2255 claim, the court need not hold an evidentiary hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). No evidentiary hearing is required for this Court to conclude that Defendant's claims do not entitle him to the relief he seeks.

## *Conclusion*

Defendant's section 2255 motion (Docket Entry No. 152) is DENIED. A certificate of appealability is DENIED. The related civil case in C.A. No. H-10-1671 is ORDERED CLOSED.

Signed at Houston, Texas on August 3, 2012.

_____
Gray H. Miller
United States District Judge